IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**JONATHAN SANDERS, Individually and**　　　　　　　　　　　**PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.　　　　　　　　　　No. 1:19-cv-1850-RM-NYW

**GLENDALE RESTAURANT CONCEPTS, LP**　　　　　　　**DEFENDANT**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jonathan Sanders, individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint—Collective Action against Defendant Glendale Restaurant Concepts, LP, and in support thereof, does hereby state and allege as follows:

## I. INTRODUCTION

1.　　The purpose of this Amended Complaint is to dismiss Separate Defendants Mile High Valet, LP, and Jimmie Hamilton, as well as to plead additional facts.

2.　　Plaintiff Jonathan Sanders, individually and on behalf of all others similarly situated, brings this action against Defendant Glendale Restaurant Concepts, LP, for violations of the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA).

3.　　Plaintiff seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and a reasonable attorney's fee and costs, as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the

FLSA, for a period of at least three (3) years as Defendant have willfully and intentionally committed such violations.

4.     Plaintiff further seeks the certification of a collective action pursuant to Section 216 of the FLSA.

## II.   JURISDICTION AND VENUE

5.     The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.     The acts complained of herein were committed and had their principal effect against Plaintiff within the District of Colorado; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7.     Plaintiff repeats and re-alleges all of the proceeding paragraphs of this Complaint as though fully set forth in this section.

8.     Plaintiff is an individual and resident of Denver County.

9.     Plaintiff was employed by Defendant as a valet driver from December of 2016 through October of 2018.

10.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

11.     Defendant's primary business is providing adult entertainment at its adult entertainment clubs including the Mile High Men's Club.

12.     Defendant is a Limited Partnership registered to do business in the State of Colorado.

13.     Defendant Glendale Restaurant Concepts LP's principal address is 390 Union Boulevard, Suite 450, Lakewood, Colorado, 80228.

14.     Defendant Glendale Restaurant Concepts, LP, operates several adult entertainment clubs and other related services, all under different trade names.

15.     Within the past three years preceding the filing of this Complaint, Defendant continuously employed at least two employees engaged in commerce or in the production of goods for commerce, or has at least two employees handling, purchasing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as vehicles, supplies and equipment, imported liquors, or communication equipment.

16.     Within the past three years preceding the filing of this Complaint, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17.     Defendant's registered agent for service of process is International Entertainment Consultants, Inc., located at 390 Union Boulevard, Lakewood, Colorado 80228.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff repeats and re-alleges all of the preceding paragraphs of this Complaint as if fully set forth in this section.

19.     Within the three (3) years prior to the filing of this Complaint, Defendant hired Plaintiff, among other individuals, to serve as valets to its adult entertainment clubs.

20.     Defendant worked together with Mile High Valet, LP, and Jimmie Hamilton to manage the valet services for Defendant's adult entertainment clubs; Plaintiff is under the belief that Mile High Valet, LP, and Jimmie Hamilton filed for bankruptcy and therefore are not being named as defendants in this matter.

21.     Plaintiff and other valet drivers were required to pay $75.00 for the "privilege" of working as a valet for Defendant.

22.     Defendant paid Plaintiff and other valet drivers no compensation to work their regular shifts; Plaintiff expected to earn tips.

23.     Defendant occasionally required Plaintiff and the other valets to transport Defendant's employees and run errands for the clubs.

24.     Defendant paid Plaintiff cash in the event that they required him to perform services other than valeting.

25.     Plaintiff did not financially invest in Defendant's business(es).

26.     Plaintiff did not share in the profits or losses of Defendant's business(es).

27.     Plaintiff had no control over his work environment.

28.     Plaintiff was not permitted to work for other clubs or restaurants as a valet.

29.     Defendant set the rules and had complete control over the venue where Plaintiff worked.

30.     Defendant provided the tools needed to provide valet services, including but not limited to communication devices and a valet podium.

31.     Defendant required Plaintiff and other valets to conform to a particular dress standard; for some time Plaintiff was required to wear a polo with the Mile High logo.

32.     Plaintiff had to follow Defendant's rules or risk loss of some or all of his tips and/or the loss of his job.

33.     During the relevant time, Plaintiff performed valet services for Defendant on Defendant's premises for approximately forty (40) hours each workweek, with many weeks exceeding forty (40) hours.

34.     Defendant failed to pay Plaintiff a minimum wage for all hours worked.

35.     Defendant failed to pay Plaintiff one and one-half times the applicable minimum wage for all hours worked over forty (40) in a workweek.

36.     At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club and that its employees, including valet drivers, were entitled to the rights and protections of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

37.     Plaintiff repeats and re-alleges all of the proceeding paragraphs of this Complaint above, as if fully set forth herein.

38.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

39.     Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds ten (10) persons. Defendant can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendant.

40.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

41.     The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone numbers as soon as possible.

42.     The proposed collective of opt-in Plaintiffs in this case is preliminarily defined as follows:

**All valets employed during the three
years preceding the filing of the Original Complaint.**

43.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They were misclassified by Defendant as exempt from the overtime requirements of the FLSA;

B.     They were paid in only tips, and were forced to pay a premium for the "privilege" of working for Defendant;

C.     They performed the same or similar job duties;

D.      They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week.

E.      They were subject to numerous other common policies and practices as described *supra*.

44.     Defendant employed valets other than Plaintiff who performed valet services at Defendant's various locations.

45.     The valets did not financially invest in the Defendant entities.

46.     The valets did not financially share in the profits or losses of the Defendant entities.

47.     Defendant employed valets other than Plaintiff who worked more than forty (40) hours in at least one workweek during the relevant time.

48.     Defendant failed to pay one or more valets other than Plaintiff a wage of at least $7.25 for all hours worked.

49.     Defendant failed to pay one or more valets other than Plaintiff one and one-half times the minimum wage or their regular rate for all hours worked over forty (40) in a workweek.

50.     Valets other than Plaintiff had no control over their work environment. For example, Defendant set the hours and provided the equipment needed to work.

51.     Valets other than Plaintiff were not permitted to work for other clubs or restaurants as a valet.

52.     Defendant set the rules and had complete control over the venue and valets had to follow the rules set by Defendant or risk loss of some of all of their tips and/or their

jobs. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A.    Defendant's failure to compensate valets other than Plaintiff at the minimum wage rate required by the FLSA, 29 U.S.C. § 206; and

B.    Defendant's failure to pay valets other than Plaintiff overtime compensation in violation of the FLSA, 29 U.S.C. § 207.

### VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54.    The FLSA regulates, among other things, minimum payments to which employees are entitled and the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

55.    Defendant is and was at all times subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise and its employees are engaged in commerce.

56.    Defendant failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff a minimum wage and by failing to pay Plaintiff one and one half times his regular rate for all hours worked in excess of forty (40) hours per week during Plaintiff's employment as described in this Complaint.

57.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees as provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

59.     Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

62.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

63.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

64.     Collective action members suffered the same FLSA minimum wage and overtime violations as Plaintiff suffered individually, as alleged herein above.

65.     By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, premises considered, Plaintiff Jonathan Sanders respectfully prays for declaratory relief and damages as follows:

A.      That Defendant be summoned to appear and answer herein;

B.      A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C.      Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and all those similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E.      Judgment for any and all civil penalties to which Plaintiff may be entitled;

F.      An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JONATHAN SANDERS,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, April Rhéaume, do hereby certify that on October 23, 2019, a true and correct copy of the foregoing FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION, was served via the ECF filing system on the following attorneys of record:

Ryan Lessmann, Esq.
Melisa Panagakos, Esq.
JACKSON LEWIS, P.C.
950 17th Street, Suite 2600
Denver, Colorado 80202

*/s/ April Rhéaume*
**APRIL RHÉAUME**